UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| GEO SPECIALTY CHEMICALS, INC., | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | Court No. 23-00238 |
| UNITED STATES, | | |
| Defendant. | | |

# COMPLAINT

GEO Specialty Chemicals, Inc. ("GEO" or "Plaintiff"), by and through its attorney, alleges and states as follows:

## CONTESTED DETERMINATION

1. Plaintiff seeks judicial review of the final scope ruling of the U.S. Department of Commerce ("Commerce") that calcium glycinate is outside the scope of the antidumping and countervailing duty orders on *Glycine from India, Japan, Thailand, and the People's Republic of China* ("Scope Ruling"). The final Scope Ruling was issued on October 11, 2023.

## JURISDICTION

2. In accordance with 19 U.S.C. §§ 1516a(a)(2)(A)(ii) and 1516a(a)(2)(B)(vi), Plaintiff brings this action to contest certain factual findings and legal conclusions set forth in the Scope Ruling. This Court has exclusive jurisdiction over this action under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2)(B)(vi).

## STANDING

3. Plaintiff is a domestic producer of glycine, the subject merchandise under the antidumping and countervailing duty orders — *i.e.*, *Glycine from India* (A-533-883

/ C-533-884), *Japan* (A-588-878), *Thailand* (A-549-837), and *the People's Republic of China* (C-570-081) (collectively "Orders").  As one of the original petitioners, Plaintiff fully participated in the underlying Commerce antidumping and countervailing duty investigations that resulted in the Orders, as well as in subsequent administrative reviews.  Plaintiff was also a party to, and participated in, the proceeding that led to the Scope Ruling challenged in this action.  Because Plaintiff is a U.S. producer of glycine that actively participated in the underlying Scope Ruling proceeding, it is an interested party within the meaning of 19 U.S.C. §§ 1677(9)(C) and 1516a(f)(3) and has standing to bring this action under 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF ACTION

4.   Commerce issued the final Scope Ruling on October 11, 2023.  A copy of the Scope Ruling was mailed to GEO on October 12, 2023.  Plaintiff timely filed the summons with this Court within 30 days of the date of the Scope Ruling and also within 30 days of the date of its mailing.  Summons (Nov. 10, 2023), ECF No. 1.  Plaintiff is filing this Complaint within 30 days of the filing of the Summons.  The Summons and Complaint are thus timely under 19 U.S.C. § 1516a(a)(2)(A)(ii), 28 U.S.C. § 2636(c), and U.S. Court of International Trade Rule 3(a)(2).

## STANDARD OF REVIEW

5.   This Court reviews the Scope Ruling issued by Commerce under 19 C.F.R. § 351.225 to determine whether it is "unsupported by substantial evidence on the record or otherwise not in accordance with law" (19 U.S.C. § 1516a(b)(1)(B)(i)).

## STATEMENT OF FACTS

6. On August 14, 2023, Plaintiff filed an application to determine whether calcium glycinate is covered by the scope of the Orders. The scope of the Orders, in pertinent part, reads as: "The merchandise covered by these orders is glycine at any purity level or grade. This includes glycine of all purity levels, which covers all forms of crude or technical glycine including, but not limited to, sodium glycinate, glycine slurry and any other forms of amino acetic acid or glycine. Subject merchandise also includes glycine and precursors of dried crystalline glycine that are processed in a third country, including, but not limited to, refining or any other processing that would not otherwise remove the merchandise from the scope of these orders if performed in the country of manufacture of the in-scope glycine or precursors of dried crystalline glycine. Glycine has the Chemical Abstracts Service (CAS) registry number of 56-40-6. Glycine and glycine slurry are classified under Harmonized Tariff Schedule of the United States (HTSUS) subheading 2922.49.43.00. Sodium glycinate is classified in the HTSUS under 2922.49.80.00. While the HTSUS subheadings and CAS registry number are provided for convenience and customs purposes, the written description of the scope of these orders is dispositive." *See, e.g.*, *Glycine From India and the People's Republic of China: Countervailing Duty Orders*, 84 Fed. Reg. 29173 (Dep't of Commerce June 21, 2019).

7. In the August 14, 2023 application, Plaintiff explained that "calcium glycinate is the result of the chelation of calcium and glycine." Glycine, however, can easily be retrieved from calcium glycinate "when the product is deconstructed." Specifically, Plaintiff explained that wet glycine — *i.e.*, glycine slurry — can be retrieved from calcium glycinate through a simple chemical reaction with sulfuric acid, and then the glycine slurry is dried to form dried crystalline glycine.

8. On August 30, 2023, Commerce initiated the scope inquiry proceeding, and notified the public that interested parties, other than the applicant, can submit comments and factual information to rebut, clarify, or correct factual information contained in the application within 30 days of the initiation of the scope inquiry proceeding. None of the interested parties submitted comments or factual information by the prescribed deadline.

9. On October 11, 2023, Commerce issued the contested Scope Ruling, finding that "calcium glycinate is a non-scope input used in the production of glycine slurry and glycine slurry is a precursor of dried crystalline glycine." Based on this finding, Commerce concluded that calcium glycinate is not covered by the scope of the Orders.

### STATEMENT OF CLAIMS

#### COUNT ONE

10. Paragraphs 1–9 are incorporated by reference.

11. Commerce's finding that calcium glycinate is excluded from the scope of the Orders is unsupported by substantial evidence and otherwise not in accordance with law.

#### COUNT TWO

12. Paragraphs 1–11 are incorporated by reference.

13. The scope of the Orders does not define the term "precursor," and the language of the scope is not dispositive as to the issue of whether calcium glycinate is a precursor of dried crystalline glycine. Despite this ambiguity, however, Commerce concluded — without consulting any of the primary or secondary interpretative sources listed in 19 C.F.R. § 351.225(k)(1)(i) or (ii) or without analyzing the factors set forth in 19 C.F.R. § 351.225(k)(2) — that calcium glycinate is not a precursor of dried crystalline glycine and is excluded from the scope of the Orders.

14. Commerce's failure to consult the primary and secondary interpretative sources set forth in 19 C.F.R. §§ 351.225(k)(1)(i) and (ii) or to analyze the factors set forth in 19 C.F.R. § 351.225(k)(2) without a reasonable explanation is a departure from Commerce's consistent past practice, and the Scope Ruling determination as a result is arbitrary, capricious, and an abuse of discretion, or otherwise not in accordance with law.

### COUNT THREE

15. Paragraphs 1–14 are incorporated by reference.

16. Commerce's conclusion that calcium glycinate is excluded from the scope of the Orders because it is a product derived one step prior to the production of glycine slurry, which Commerce admits is a precursor of dried crystalline glycine, directly conflicts with its previous scope rulings pertaining to the Orders at issue and other orders with same or similar language as the Orders at issue, including but not limited to Commerce's scope ruling on sodium glycinate in the antidumping duty order on *Glycine from China*.

17. As Commerce's determination in the Scope Ruling was directly contrary to its previous scope ruling pertaining to the Orders at issue and other orders with same or similar language as the Orders at issue — thus a departure from Commerce's consistent past practice without a reasonable explanation — the Scope Ruling is arbitrary, capricious, and an abuse of discretion, or otherwise not in accordance with law.

### PRAYER FOR RELIEF AND JUDGMENT

WHEREFORE, Plaintiff respectfully requests that this Court:

(A) Hold that the Scope Ruling is: (1) not supported by substantial evidence and is otherwise not in accordance with law and/or (2) arbitrary, capricious, and an abuse of discretion, or otherwise not in accordance with law;

     (B)    Remand this matter to Commerce for disposition consistent with the final opinion and order of the Court; and

     (C)    Grant Plaintiff such additional relief as the Court may deem just and proper.

                             Respectfully submitted,

                             /s/ David M. Schwartz
                             David M. Schwartz (Lead)
                             Michelle Li
                             Kerem Bilge

                             Thompson Hine LLP
                             1919 M Street, NW, Suite 700
                             Washington, DC  20036-3537
                             Telephone:  202.263.4170 (Direct)
                             Email:  David.Schwartz@ThompsonHine.com

                             *Counsel to Plaintiff*
                               *GEO Specialty Chemicals, Inc.*

Date:  December 7, 2023

## CERTIFICATE OF SERVICE

*GEO S<small>PECIALTY</small> C<small>HEMICALS</small>, I<small>NC</small>. <small>V</small>. U<small>NITED</small> S<small>TATES</small>*
**USCIT C<small>OURT</small> N<small>O</small>. 23-00238**

Pursuant to U.S. Court of International Trade Rule 4(b) and (h), I hereby certify that on December 7, 2023, I have caused to be served a true and complete copy of foregoing Complaint on the following parties by certified mail, return receipt requested:

Justin Miller, Esq.
Attorney-in-Charge
International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza, Room 346
New York, New York 10278
Telephone:  202.514.2601
Email:   justin.miller@usdoj.gov

Kelly M. Geddes, Esq.
Civil Division
  — Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, NW, 12th Floor
Washington, DC 20530
Telephone:  (202) 307-2867
Telefax:  (202) 305-2062
Email:  kelly.geddes2@usdoj.gov

Robert Heilferty, Esq.
Chief Counsel
Enforcement and Compliance
International Trade Administration
U.S. Department of Commerce
14th Street and Constitution Avenue, NW
Washington, DC 20230
Telephone:  (202) 482-1434
Telefax:  (202) 482-4912
Email:  Robert.Heilferty@trade.gov

/ s / David M. Schwartz
David M. Schwartz (Lead)
Michelle Li
Kerem Bilge

Thompson Hine LLP
1919 M Street, NW, Suite 700
Washington, DC  20036-3537
Telephone:  202.263.4170 (Direct)
Email:  David.Schwartz@ThompsonHine.com

*Counsel to Plaintiff*
  *GEO Specialty Chemicals, Inc.*