**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE**

| | |
|---|---|
| DEER PARK GLYCINE, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> Defendant. ) | Court No. 23-00238 |
| DEER PARK GLYCINE, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> Defendant. ) | Court No. 24-00016 |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE**

Defendant, the United States, respectfully submits this opposition to plaintiff's motion to consolidate *Deer Park Glycine, LLC v. United States*, Court No. 23-00238 (contesting Commerce's final scope ruling) and *Deer Park Glycine, LLC v. United States*, Court No. 24-00016 (contesting Commerce's scope ruling application rejection). *See* Pl. Mot. to Consolidate Cases, Court No. 23-00238, ECF No. 17; Court No. 24-00016, ECF No. 11. Consolidation is improper because the cases involve two separate and distinct administrative determinations and records, have no common questions of law or fact, and are governed by different standards of review. Thus, plaintiff's motion to consolidate should be denied.

**ARGUMENT**

I. **Legal Standard**

Rule 42(a) of the Rules of this Court permits consolidation of cases "involving a common question of law or fact . . . to avoid unnecessary costs or delay." The Court has "broad discretion" regarding whether to grant consolidation of proceedings, and this Court has found it inappropriate to consolidate proceedings where it is not in the interest of "judicial economy." *Manuli USA, Inc. v. United States*, 659 F. Supp. 244, 247-48 (Ct. Int'l Trade 1987). Further, "where dissimilar issues outweigh the common issues, consolidation is inappropriate." *Vicentin S.A.I.C. v. United States*, 324 F. Supp. 3d 1377, 1380 (Ct. Int'l Trade 2018) (citing *Zenith Elecs. Corp. v. United States*, 15 C.I.T. 539, 540 (1991)).

II. **Consolidation Is Inappropriate And Contrary To The Interests of Judicial Economy**

As we indicated in the Joint Preliminary Status Report filed in Court No. 23-00238, ECF No. 15, we oppose consolidation because the cases involve no significant overlap in the questions of law or fact, are based on independent records, and could otherwise lead to confusion. The cases challenge separate determinations which have no common questions of law or fact, are based upon separate records, and involve different sources of jurisdiction and standards of review. Consolidation would complicate review of these entirely separate determinations. Therefore, consolidation of these cases is inappropriate.

A. **There Are No Common Questions Of Law Or Fact**

Consolidation is not appropriate where there are no overlapping issues. This court has held that the existence of issues that are not common to all cases, even when the potentially consolidated cases involved related antidumping proceedings, weighs against consolidation of the cases. *See Federal-Mogul Corp. v. United States*, 788 F. Supp. 1223, 1224 (Ct. Int'l Trade

1992) (denying motion to consolidate where cases were "clearly related" but "distinct" given that out of nine and eleven issues raised in the two cases, only two were identical).

In this case, there are no common questions of law in the two cases. Court No. 23-00238 challenges Commerce's October 11, 2023 final scope ruling finding calcium glycinate outside the scope. Plaintiff argues that (1) Commerce's finding is unsupported by substantial evidence and otherwise not in accordance with law, (2) Commerce failed to address certain factors set forth in 19 C.F.R. §§ 351.225(k)(1)-(2), and (3) Commerce's scope ruling contradicts prior rulings and is arbitrary, capricious, and an abuse of discretion, or otherwise not in accordance with law. Compl., Court No. 23-00238, ECF No. 8. On the other hand, the sole count of Court No. 24-00016 challenges Commerce's rejection of the November 29, 2023 scope ruling application, based on its determination not to initiate a scope inquiry after a scope ruling had already been made on the same product. Compl., Court No. 24-00016, ECF No. 2. Thus, although the cases are related to the extent that they both deal with the scope of the same antidumping and countervailing duty orders on glycine concerning calcium glycinate, they have no overlapping counts and thus no overlapping questions of law or fact.

Plaintiff incorrectly asserts that "both actions involve a common question of law or fact as to whether calcium glycinate is within the scope of the Orders at issue here." Pl. Mot. at 3. However, Court No. 24-00016 does not involve the question of whether calcium glycinate is within the scope of the orders. Rather, it challenges Commerce's determination to reject the November 29, 2023 scope ruling application based on its determination that that a scope ruling had already been made concerning calcium glycinate. Compl., Court No. 24-00016, ECF No. 2. Thus, while they may be related, the cases involve separate determinations without overlapping questions of law or fact. *See Federal-Mogul*, 788 F. Supp. at 1224 (denying motion to

consolidate "clearly related" but "distinct" cases).  In *Federal-Mogul* there were at least some overlapping issues, but the court still determined not to consolidate the cases.  *See id.*  Here there are none.  *See id.*  Consolidation under Rule 42(a) is therefore not appropriate.

> **B.** **The Court Reviews These Separate Determinations Based Upon Different Administrative Records**

The cases involve separate determinations and are based upon different administrative records.  The statute governing the Court's review in Court No. 23-00238, challenging Commerce's scope ruling, provides that "the record, unless otherwise stipulated by the parties, shall consist of—(i) a copy of all information presented to or obtained by the Secretary, the administering authority, or the Commission during the course of the administrative proceeding…" 19 U.S.C. § 1516a(b)(2)(A).  The statute governing the Court's review in Court No. 24-00016, challenging Commerce's decision not to initiate a scope inquiry, provides that "the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error."  5 U.S.C. § 706.  The information presented to the Secretary during the course of its scope determination is different from the record of its determination whether to accept plaintiff's subsequent scope ruling application, even though each determination concerned the same product.

That the contested administrative determinations are based upon different, though somewhat related, administrative records weighs against consolidation; consolidation of cases involving distinct records risks the improper conflation of record facts that would contravene the Court's review of a determination based solely upon the evidence in the underlying record.  *See* 19 U.S.C. § 1516a(a)(2).  Indeed, this Court has rejected attempts to use extra-record evidence to support a challenge to an administrative determination.  *See Beker Indus. Corp. v. United States*, 7 C.I.T. 313, 315 (1984) ("{T}he scope of the record for judicial review… is confined to the

4

immediate administrative review in dispute."); *see also PSC VSMPO-Avisma Corp. v. United States*, 688 F.3d 751, 761 (Fed. Cir. 2012) (reversing trial court decision requiring Commerce to consider non-record evidence). Consolidating the cases increases the probability that a party may inappropriately attempt to use record facts from one proceeding in challenging the other, thus conflating the records and basing its argument on facts not present before the agency when making its decision.

Plaintiff argues that the administrative records in these cases are small and "{a}s such, the Court can easily avoid any danger of confusion through a carefully crafted scheduling order that clearly identifies the relevant administrative actions." *See* Pls. Motion at 4, Court No. 23-00238, ECF No. 17; Court No. 24-00016, ECF No. 11. However, crafting such a scheduling order and taking steps to ensure parties do not inadvertently conflate portions of the distinct records could in fact detract from judicial economy and efficiency. *See Vicentin S.A.I.C. v. United States*, 324 F. Supp. 3d 1377, 1381 (Ct. Int'l Trade 2018) (Because "the court must review each challenge on its own record… it is unclear why the single consideration of some common facts between the CVD and ADD final determinations would promote judicial efficiency."). Therefore, consolidation of these cases involving distinct determinations with distinct underlying records is inappropriate.

### C. The Court Reviews These Separate Determinations Pursuant To Different Sources Of Jurisdiction And Standards Of Review

Further, the cases assert different jurisdictional bases and are subject to different standards of review. While Court No. 23-00238 was brought pursuant to 28 U.S.C. § 1581(c), Court No. 24-00016 does not fall within the scope of that subsection and must therefore proceed

pursuant to 28 U.S.C. § 1581(i).[1]  Thus, the cases should proceed under different jurisdictional bases and the different court procedures for cases brought under 28 U.S.C. § 1581(c) versus 1581(i).

Similarly, while the Court will review Court No. 23-00238 under 19 U.S.C. § 1516a(b)(1)(B)(i) to determine whether the scope ruling is "unsupported by substantial evidence on the record or otherwise not in accordance with law{,}" Court No. 24-00016 will be governed by 28 U.S.C. § 2640(e), which instructs the Court to determine whether Commerce's rejection of the scope ruling application was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" pursuant to 5 U.S.C. § 706.  The differing standards of review underscore the lack of common issues; consolidation will not promote judicial economy in these cases.

### D.    **The Potential Risk Of Inconsistent Results Does Not Warrant Consolidation**

Plaintiff argues that consolidation "will avoid the danger of inconsistent decisions."  Pl. Mot. at 3.  It asserts, "{f}or example, if the Court found that Commerce's rejection of the second scope ruling application is contrary to law in Court No. 24-00016 and remanded the ruling for full consideration, the Court's potential affirmation of Commerce's Scope Ruling here could create a significant inconsistency concerning the same product at issue in these two actions."  *Id*. This mischaracterizes the potential remedies in these cases and the likelihood of inconsistent results.  If the Court found for plaintiff in Court No. 24-00016, it would likely remand the matter

---

[1] Plaintiff purports to bring Court No. 24-00016 pursuant to 28 U.S.C. § 1581(c), and cites subsection (i) as an alternative source of jurisdiction.  Compl., Court No. 24-00016, ¶¶2-4.  To bring the action within the scope of subsection (c), plaintiff asserts that it challenges a determination within the scope of 19 U.S.C. § 1516a (though the particular subsection it cites, which does not exist, appears to be a typographical error).  That section only applies to certain determinations published in the Federal Register or mailed to parties, none of which include the rejection of a scope ruling application.

to Commerce to further explain its rejection or to initiate a scope inquiry based on the November 29, 2023 scope ruling application. This is true irrespective of whether the Court affirms the scope ruling at issue in Court No. 23-00238; such an affirmance would not prevent Commerce from conducting a new scope inquiry based on a separate application.

Further, in the unlikely event that the results of the cases were inconsistent with one another, this Court could stay the proceedings of either case as appropriate. This Court has denied a motion to consolidate cases where it is "unclear what harm will result from allowing the challenges… to proceed independently…" *See Vicentin S.A.I.C. v. United States*, 324 F. Supp. 3d 1377, 1381 (Ct. Int'l Trade 2018). Plaintiff has failed to identify any clear risk of harm, but rather points to a vague danger of "a significant inconsistency" without further detail. Pl. Mot. at 3. This is insufficient reason to consolidate two cases with no common issues, distinct administrative records, different statutory bases, and different standards of review.

## CONCLUSION

For these reasons, we respectfully request that this Court deny plaintiff's motion to consolidate.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

/s/ Claudia Burke
CLAUDIA BURKE
Deputy Directory

7

| | |
|---|---|
| OF COUSNEL:<br>JOSEPH GROSSMAN<br>Attorney<br>Office of the Chief Counsel<br>    for Trade Enforcement & Compliance<br>U.S. Department of Commerce<br>Washington, D.C. | /s/ Kelly Geddes<br>KELLY GEDDES<br>U.S. Department of Justice<br>Commercial Litigation Branch<br>P.O. Box 480, Ben Franklin Station<br>Washington, DC 20044<br>(202) 307-2867<br>Fax: (202) 305-2062<br>Email: kelly.geddes2@usdoj.gov |
| March 18, 2024 | *Attorneys for Defendant* |